# EXHIBIT A

FILED
2/25/2022 4.24 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 131st District Court

CAUSE NO. <u>2022CI03519</u>

| | |
|---|---|
| CARLOS A. ROMERO,<br>*Plaintiff* | IN THE DISTRICT COURT |
| vs. | ___ JUDICIAL DISTRICT |
| ARGENT MORTGAGE COMPANY, LLC,<br>As Lender; U.S. BANK NATIONAL<br>ASSOCIATION, as Trustee for CITIGROUP<br>MORTGAGE LOAN TRUST, INC.,<br>By and through its Mortgage Servicer,<br>PHH MORTGAGE CORPORATION,<br>*Defendant* | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SUPPORTING AFFIDAVIT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CARLOS A. ROMERO, Plaintiff herein, and files this his Original Petition and Application for Temporary Restraining Order against Defendants, ARGENT MORTGAGE COMPANY, LLC, As Lender; U.S. BANK NATIONAL ASSOCIATION, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., By and through its Mortgage Servicer, PHH MORTGAGE CORPORATION, and in support thereof shows as follows:

Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.

### PARTIES AND SERVICE

CARLOS A. ROMERO, Plaintiff, is an individual residing in San Antonio, Bexar County, Texas.

Defendant, ARGENT MORTGAGE COMPANY, LLC, As Lender; U.S. BANK NATIONAL ASSOCIATION, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., By and through its Mortgage Servicer, PHH MORTGAGE CORPORATION, who may receive notice hereof through its Agent for Service, *Power Default Services, Inc., Northpark Town Center, 1000 Abernathy Road NE, Bldg. 400, Ste. 200, Atlanta, GA 30328; Tel (855) 427-2204 and Fax (866) 960-8298.*

## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of the court.

The Court has jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendants, ARGENT MORTGAGE COMPANY, LLC, As Lender; U.S. BANK NATIONAL ASSOCIATION, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., By and through its Mortgage Servicer, PHH MORTGAGE CORPORATION, will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiff, CARLOS A. ROMERO, had continuous and systematic contacts within the State of Texas sufficient to establish jurisdiction over said Defendants.

Venue in Bexar County is proper in the cause under Section 15.011 of the Texas Civil Practice and Remedies Code because the action involves real property as provided by said Section, and the county is where all or part of the real property is located at *6811 Oak Lake Dr., San Antonio, Bexar County, Texas 78244*, more fully described as follows:

> **Lot 11, Block 24, WOODLAKE SUBDIVISION, UNIT 4, according to the map or plat thereof recorded in Volume 6800, Page 42, Deed and Plat Records of Bexar County, Texas.**

## FACTS

CARLOS A. ROMERO, Plaintiff herein, handles all legal affairs and all matters pertaining to the property located at *6811 Oak Lake Dr., San Antonio, Bexar County, Texas 78244.*

Plaintiff would inform the Court that he began having difficulty and hardship paying the mortgage payments to Defendants herein when another business in which he was involved began to lose business due to COVID, and Plaintiff began to have problems with the landlord of his other business which caused Plaintiff to lose that business and incur significant financial losses which made it difficult to sustain his income and pay the mortgage payments due. His own business, appliance repair, also began to lose customers because of the COVID pandemic, and he got behind in his mortgage payments.

He has not been able to catch up on the amount owed his mortgage holder, Defendants, ARGENT MORTGAGE COMPANY, LLC, As Lender; U.S. BANK NATIONAL ASSOCIATION, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., By and through its Mortgage Servicer, PHH MORTGAGE CORPORATION, and is currently attempting to reinstate his mortgage again, or refinance his loan to bring him current with his note. The Defendants have not worked with him during this period of his difficulties in bringing his account current, and even while Plaintiff has attempted to reinstate his note, the Defendants, ARGENT MORTGAGE COMPANY, LLC, As Lender; U.S. BANK NATIONAL

2

ASSOCIATION, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., By and through its Mortgage Servicer, PHH MORTGAGE CORPORATION, placed his home on the foreclosure docket. This property in question is Plaintiff's homestead.

Plaintiff has made arrangements to sell his homestead to his daughter, Kendra Romero, who has qualified for a new mortgage on the property, and Plaintiff needs additional time in which to have his daughter finance a new mortgage on the property and pay the amount owed Defendants, which will be to the mutual benefit and satisfaction of all parties concerned. Plaintiff is asking and praying for the Court to grant him a chance to work out this problem with the mortgage company, its servicing agent, and their attorney.

This is the first time Plaintiff has requested that the Court stop the foreclosure auction scheduled for *Tuesday, March 1, 2022*, and afford him an equitable and fair solution to this problem.

Defendants, ARGENT MORTGAGE COMPANY, LLC, As Lender; U.S. BANK NATIONAL ASSOCIATION, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., By and through its Mortgage Servicer, PHH MORTGAGE CORPORATION, filed for foreclosure and set the property in question on the foreclosure auction docket for *Tuesday, March 1, 2022*. Plaintiff was not given the opportunity to work out a solution with the mortgage company before the property was scheduled for sale on the auction docket.

Plaintiff, CARLOS A. ROMERO, needs the Court's assistance in stopping the foreclosure sale of his property on *Tuesday, March 1, 2022*. After that date, it will be too late for him to do anything to save his property. Plaintiff would ask and pray that the Court issue and grant a Temporary Restraining Order and Temporary Injunction from conducting the foreclosure sale of his property on *Tuesday, March 1, 2022* in San Antonio, Bexar County, Texas. It would be in the best interest of all parties concerned and justice and equity will be served.

In the alternative, Plaintiff, CARLOS A. ROMERO, would assert that pursuant to the Texas Rules of Civil Procedure, Rule 736.11, the scheduled foreclosure sale of his property is automatically stayed by virtue of the filing of this instrument, and the Defendant is restrained and enjoined from the selling of the property in issue on the scheduled foreclosure auction on *Tuesday, March 1, 2022*.

## PENDANT STATE LAW CLAIMS
### Breach of Contract and Bad Faith

Plaintiff would inform the Court that he had entered into a legal and enforceable mortgage contract with the Defendant when he purchased the property in question on June 1, 2006, from Defendants who were under an obligation to honor their end of the mortgage contract with Plaintiff so that by the end of the mortgage contract with Defendants, Plaintiff would obtain a clear and legal title to the property conveying to him clear title and ownership of the property in question. This, the Defendant failed to do because they have not allowed Plaintiff sufficient time within which to refinance or reinstate the mortgage note in question, and allow Plaintiff to comply with and honor his end of the mortgage contract. In this regard, Defendants, ARGENT

3

MORTGAGE COMPANY, LLC, As Lender; U.S. BANK NATIONAL ASSOCIATION, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., By and through its Mortgage Servicer, PHH MORTGAGE CORPORATION, have breached their mortgage contract with Plaintiff and have not acted in good faith as they are required to do under Texas law. They have conducted themselves in bad faith and as such should not profit or gain by their conduct. By reverting to this behavior and tactics, the Defendants breached their mortgage contract with the Plaintiff and failed to act in good faith with him as required by the laws of the State of Texas.

The only remedy left Plaintiff is to enjoin the auction of his property by the Defendants until he complies with the terms of the original mortgage contract and allow the Plaintiff to fulfill and comply with the initial terms of the contract and either pay off the mortgage note or reinstate the mortgage contract in question.

Plaintiff states he was not given adequate and proper notice of Defendant, PHH MORTGAGE CORPORATION, intent to foreclose on his property, as is required by Texas law. Additionally, Plaintiff would inform the Court that he did not receive adequate and legal notice of the Defendants' intent to sell his property at a foreclosure auction on **Tuesday, March 1, 2022.** Said notice is required by law before the property in question can be sold at auction and thus, having received no notice, Defendant cannot sell the property as planned and stated.

Plaintiff would show the Court that as a result of the COVID Pandemic and its subsequent impact in his life and business, he got behind with his mortgage payments when he became unable to work due to his business suffering extensive loss of income. Plaintiff was unaware of the fact that his home was placed on the Foreclosure Auction Docket for **Tuesday, March 1, 2022** until he was informed by a real estate investment buyer that his home was on the foreclosure auction docket on **Tuesday, March 1, 2022.** He has received no written notice or otherwise from his mortgage company or its servicing agent as to the foreclosure of his property through the auction scheduled on **Tuesday, March 1, 2022.**

## BREACH OF CONTRACT
### Lack of Good Faith

Plaintiff would show the Court that by their conduct, Defendants, ARGENT MORTGAGE COMPANY, LLC, As Lender; U.S. BANK NATIONAL ASSOCIATION, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., By and through its Mortgage Servicer, PHH MORTGAGE CORPORATION, failed to act in good faith with Plaintiff by failing to make an effort to reinstate, refinance or modify his mortgage note with the Defendant even after repeated calls and attempts by Plaintiff to work out a solution for his arrearage, which was caused in no way by the Plaintiff. Said conduct on Defendant's part by not cooperating with Plaintiff and placing the property on the foreclosure auction shows a lack of good faith in dealing with Plaintiff, and constituted a breach of its contract with Plaintiff to act in good faith and in a fair and equitable manner with the Plaintiff.

The above cited actions constituted a breach of contract with the Plaintiff on the part of the Defendants, ARGENT MORTGAGE COMPANY, LLC, As Lender; U.S. BANK

NATIONAL ASSOCIATION, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., By and through its Mortgage Servicer, PHH MORTGAGE CORPORATION, and as such, Defendants have acted in an illegal and unlawful manner and in bad faith in its dealings with Plaintiff, all contrary to the mortgage contract with Plaintiff and as required by the laws of the State of Texas.

## ELEMENTS FOR INJUNCTIVE RELIEF

In light of the above-described facts, Plaintiff seeks the requested relief from Defendants. The nature of the lawsuit is for a complete accounting and declaration of the actual amount of Plaintiff's indebtedness under the instruments supporting Defendants' aforesaid foreclosure and trustee's auction and sale.

Plaintiff is likely to succeed on the merits of the lawsuit, and he is willing to attempt to work out the problem with the mortgage company and pay Defendants the amount that is rightfully due.

Unless the Honorable Court immediately restrains the Defendants, the Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equitable relief. More specifically, Plaintiff will show the court the following:

A. The harm to Plaintiff is imminent because permitting foreclosure and trustee's sale to proceed on *Tuesday, March 1, 2022*, will deprive Plaintiff of his property located at *6811 Oak Lake Dr., San Antonio, Bexar County, Texas 78244*.

B. The imminent harm will cause Plaintiff irreparable injury in that his property cannot be retrieved after foreclosure and trustee's sale.

C. There is no adequate remedy at law, which will give Plaintiff, CARLOS A. ROMERO, complete, final and equitable relief because no vehicle other than injunctive relief is available to prevent the Defendants' scheduled foreclosure and trustee's sale from taking place.

## BOND

Plaintiff is willing to post a reasonable temporary restraining order cash bond and request the court to set such bond, if such a bond is required under Rule 736.11.

## REMEDY

Plaintiff has met his burden by establishing each element, which must be present before injunctive relief can be granted by the court, therefore Plaintiff is entitled to the requested temporary restraining order.

Plaintiff requests the court to restrain Defendants from conducting its foreclosure and trustee's sale scheduled for *Tuesday, March 1, 2022.*

It is essential that the court immediately and temporarily restrain Defendant, PHH MORTGAGE CORPORATION from conducting its foreclosure and trustee's sale scheduled for *Tuesday, March 1, 2022,* that the court act immediately, prior to giving notice to Defendants and a hearing on the matter because insufficient time remains for adequate notice and the conduct of a hearing on Plaintiff's application for temporary relief.

In order to preserve the status quo during the pendency of the action, Plaintiff requests that the Defendants be temporarily enjoined from conducting its foreclosure and trustee's sale scheduled for *Tuesday, March 1, 2022.*

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CARLOS A. ROMERO, respectfully prays that Defendant, PHH MORTGAGE CORPORATION, be cited to appear and answer herein;

A. A temporary restraining order will issue without notice to Defendant, PHH MORTGAGE CORPORATION restraining Defendant, Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly conducting its foreclosure and trustee's sale scheduled for **Tuesday, March 1, 2022**;

B. The court set a reasonable bond for the temporary restraining order;

C. After notice and hearing, a temporary injunction will issue enjoining and restraining Defendants, ARGENT MORTGAGE COMPANY, LLC, As Lender; U.S. BANK NATIONAL ASSOCIATION, as Trustee for CITIGROUP MORTGAGE LOAN TRUST, INC., By and through its Mortgage Servicer, PHH MORTGAGE CORPORATION, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly conducting its foreclosure and trustee's sale scheduled for *Tuesday, March 1, 2022.*

D. For such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

6

Respectfully submitted,

_____
John E. Serna
State Bar No. 18037000
3010 Hillcrest Dr.
San Antonio, Texas 78201
Tel. (210) 833-6917
Off: (210) 731-8540
Fax: (210) 733-7889
Email: johneserna01@yahoo.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this **25th** day of **Feb.** 2022, a true copy of the foregoing Application has been served on the following:

*Glenda Hamilton*
*c/o Power Default Services, Inc., Northpark Town Center, 1000 Abernathy Road NE, Bldg.*
*400, Ste. 200, Atlanta, GA 30328; Tel (855) 427-2204 and Fax (866) 960-8298.*

*Attorneys for Defendant*

_____
JOHN E. SERNA, *Attorney for Plaintiff*

7

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
### APPLICATION FOR TEMPORARY RESTRAINING ORDER

My name is CARLOS A. ROMERO and I am over 18 years of age, and in support of the foregoing Application for Temporary Restraining Order, state the following:

I purchased the property in question as my sole and separate property on June 1, 2006.
I fell in arrears of my mortgage account through no fault of mine but due to my personal business setbacks and slow periods and then the COVID pandemic, which has adversely affected me and everyone else in this country. During the course of my difficulties with my businesses and the COVID Pandemic, I attempted to bring my account current with the mortgage company to reinstate my mortgage contract, but they have not worked with me to reinstate or refinance my contract. They then proceeded to foreclose on my contract and schedule the property for auction sale on **Tuesday, March 1, 2022.** I do not think that the mortgage company acted in good faith and feel they breached the terms of their contract with me.

I intend to sell the property in question to my adult daughter, Kendra Romero, who has already qualified for a new mortgage, which will enable me to pay off the amount owed the real estate investment buyer who will purchase the property from me and pay off the mortgage note balance, all to the mutual satisfaction of all parties concerned. This will enable me to salvage some of the equity that I accumulated on this property since I purchased it and started making mortgage payments when the property was purchased initially.

If the property is sold at auction on **Tuesday, March 1, 2022,** I will lose all of the equity and interest I have in the property in question, and my children and I will have no other place to live, as this property is our homestead. The mortgage company has not treated me fairly as required by our contract and pursuant to Texas law, and I am in desperate need of assistance by this Court in granting my Application for Temporary Restraining Order, restraining and enjoining the sale of this property until I can reinstate on my own and bring my account current with the Defendant mortgage company, or sell the house to my daughter who will buy the house from me and all the amounts owed can be paid to Defendants, which will be to the mutual benefit of all parties concerned in this matter, and in accordance with the laws of the State of Texas and in the best interest of all concerned.

I would further inform the Court that this is the first time I have requested a temporary restraining order on this property.

8

Further, Affiant sayeth not.

CARLOS A. ROMERO

## VERIFICATION

STATE OF TEXAS

COUNTY OF BEXAR

**BEFORE ME**, the undersigned authority, personally appeared CARLOS A. ROMERO, Plaintiff, who on oath stated that the statements made in the foregoing Application for Temporary Restraining Order are true and correct.

CARLOS A. ROMERO

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 25th day of February 2022, to certify which witness my hand and seal of office.

Notary Public, State of Texas

GLORIA VILLARREAL
Notary Public, State of Texas
Comm. Expires 02-21-2023
Notary ID 4146230

9